## CHRISTIAN *vs.* HUTCHISON *et al.*

Homestead and exemptions are for the benefit of the family of the applicant, and not for preference among creditors, or classes of creditors; therefore equity, which follows law, will not enjoin judgment creditors from pressing their executions until the applicant for exemption can have the property set apart for the benefit of another creditor, no matter how just the claim of such creditor may be.   The right of a debtor to prefer one creditor to others does not extend to the perversion of a constitutional remedy, provided for a needy family, to a remedy for a contesting creditor to secure a debt.

Judgment affirmed.

April 8, 1884.   (Head-note by the court.

JACKSON, Chief Justice.

[Anderson sold to Christian certain personalty, reserving title till paid for; this contract was in parol and unrecorded. Creditors of Christian obtained judgments against him. He took an exemption of personalty, and as he had not paid Anderson, on a settlement between them, returned the property to him.   Executions under the judgments against Christian were levied on the property, and Ander-

son interposed a claim, but it failed, being withdrawn, on the ground that the exemption was void. He then reconveyed the property to Christian and took his notes for the purchase money. Christian applied for a second exemption of personalty, and filed a bill to enjoin the execution from proceeding until his exemption could be set apart. The answer set up the above facts, and alleged that the litigation was for the benefit of Anderson and instigated by him; that it was not really for the benefit of Christian or his family but that Anderson and Christian were colluding together to give the former a preference.

The court refused an injunction, and complainant excepted.]